STATE OF NORTH CAROLINA v. LEONARD GREEN

No. 7310SC252

(Filed 14 March 1973)

ON *certiorari* to review the order of *Braswell, Judge,* November 1971 Session of Superior Court held in WAKE County.

Defendant was charged in six bills of indictment with four counts of armed robbery, one count of kidnapping, and one count of assault with a deadly weapon with intent to kill, inflicting serious injury. The cases were consolidated for trial. During the course of the trial, defendant announced through his counsel that he wished to change his plea of not guilty to a plea of guilty as to all six charges. The court examined the defendant under oath relating to the voluntariness of his plea and the transcript of plea, signed by defendant under oath, appears in the record. Based upon findings made from defendant's response to the inquiries made, the court adjudged that plea of guilty was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. The plea was ordered entered in the record. Three of the armed robbery cases and the kidnapping case were consolidated for judgment and defendant was sentenced to a term of 25 years imprisonment, with credit to be given for 49 days which he had spent in jail awaiting trial. The remain-

ing armed robbery case and the case of assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death, were consolidated for judgment and defendant was sentenced to a prison term of ten years on these charges, with this sentence to run concurrently with the sentence imposed in the other cases.

Defendant's appeal was not timely perfected; however, on 11 October 1972 we allowed his petition for a writ of certiorari.

*Attorney General Morgan by Associate Attorney Heidgerd for the State.*

*Carlos W. Murray, Jr., for defendant appellant.*

GRAHAM, Judge.

The only assignment of error appearing in the record is that the court erred in signing and entering the judgment and commitments against the defendant. Defendant's court appointed attorney states in his brief that he is unable to detect error upon the face of the record proper. We have reviewed the entire record and conclude that there was no error.

No error.

Judges BROCK and VAUGHN concur.